IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| SSS ENTERTAINMENT, LLC,<br>    Plaintiff, | §<br>§<br>§ | |
| v. | §<br>§ | EP-19-CV-242-PRM |
| GIANCARLO MESSINA AND<br>CARLOS BETHANCOURT,<br>    Defendants. | §<br>§<br>§<br>§ | |

## MEMORANDUM OPINION AND ORDER
## DENYING MOTION TO REMAND

On this day, the Court considered Defendant Giancarlo Messina's "Notice of Removal" (ECF No. 1), filed on August 29, 2019; Plaintiff SSS Entertainment, LLC's "Motion to Remand Matter to State Court" (ECF No. 7) [hereinafter "Motion to Remand"], filed on September 6, 2019; and Defendant Messina's "Response to Plaintiff's Motion to Remand Subject to First Amended Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(2) and 12(b)(3)" (ECF No. 8) [hereinafter "Response"], filed on September 12, 2019. After due consideration, the Court is of the opinion that Plaintiff's Motion to Remand should be denied for the reasons that follow.

I.     FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff's lawsuit arises out of a contract dispute. On April 15, 2019, Plaintiff wired Defendant Carlos Bethancourt at least $209,000 in

an attempt to book the performer Enrique Iglesias for a concert in El Paso, Texas. Notice Removal Attach. A at 2. Over the course of the next "three months from March [2019]," Defendant Bethancourt and his attorney Defendant Messina indicated to Plaintiff that Defendants would return Plaintiff's payment based on a "mutual mistake." *Id.* at 3. Defendants did not return these funds. *Id.*

Plaintiff, a business with its home office in El Paso, Texas, filed suit against Defendants in state court. Defendant Bethancourt is a citizen of Uruguay who resides in Mexico, and Defendant Messina is a lawyer who lives and practices law in the state of Florida. In its complaint, Plaintiff alleged claims including breach of contract, unjust enrichment, intentional infliction of emotional distress, conversion, negligent misrepresentation, and violations of the Texas Deceptive Trade Practices Act. *Id.* at 4–7. For relief, Plaintiff requested $209,000 in actual damages, as well as treble damages, punitive damages, and attorney's fees. *Id.* at 8.

On August 29, 2019, Defendant Messina filed his Notice of Removal pursuant to 28 U.S.C. § 1332.[1] Therein, Defendant alleges that the citizenship and residency of parties, as well as the amount in controversy, establish diversity jursidiction. Notice Removal 3.

On September 6, 2019, Plaintiff filed its Motion to Remand. Plaintiff argues there is no basis for removal because its complaint consists of "[c]auses of action which are based in and upon Texas law." Mot. Remand 1. Plaintiff claims there is no diversity jurisdiction because "diversity jurisdiction is not alleged," and no federal jurisdiction because "there is no federal question on the face of the complaint." *Id.* at 2.

On September 12, 2019, Defendant Messina filed his Response to Plaintiff's Motion to Remand. Defendant Messina argues that "complete diversity exists" based on the citizenship and residency of the parties. Resp. 2. Additionally, Defendant indicates that Plaintiff alleges actual

---

[1] Notice Removal 1. Defendant Bethancourt is not required to join in or consent to removal because Plaintiff did not properly serve Defendant Bethancourt. *See* Notice Removal Attach. A at 10 (certifying service only to Defendant Messina); 28 U.S.C. § 1446 ("When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action.").

3

damages of $209,000, which satisfy the statutory amount in controversy for diversity jurisdiction. *Id.*

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 1441(a), federal law provides for the removal of civil actions brought in a state court over which the district court has original jurisdiction. "A federal district court may exercise original jurisdiction over any civil action that either satisfies diversity requirements or that arises under the federal constitution, statutes, or treaties . . . ." *Energy Mgmt. Servs., L.L.C. v. City of Alexandria*, 739 F.3d 255, 258–59 (5th Cir. 2014) (citing 28 U.S.C. §§ 1331, 1332, 1369).

Removal from state court raises significant federalism concerns. *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008). "Federalism concerns animate the rule requiring strict construction of removal statutes." *Beiser v. Weyler*, 284 F.3d 665, 674 (5th Cir. 2002). "The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995)).

## III. DISCUSSION

In his Notice of Removal, Defendant Messina properly alleges (1) complete diversity of citizenship among the parties, and (2) an amount in controversy exceeding $75,000. *See* 28 U.S.C. § 1332. Accordingly, the Court is of the opinion that it has proper diversity jurisdiction over Plaintiff's claims and Plaintiff's Motion to Remand should be denied.

Complete diversity exists when an action is between citizens of different States. 28 U.S.C. § 1332(a)(1). Pursuant to 28 U.S.C. § 1332(a), a corporation "is deemed to be a citizen of both the state of its incorporation and the state of its principal place of business." *J.A. Olson Co. v. City of Winona, Miss.*, 818 F.2d 401, 404 (5th Cir. 1987). Diversity also exists between "citizens of a State and citizens or subjects of a foreign state" or "citizens of different States and in which citizens or subjects of a foreign state are additional parties." 28 U.S.C. § 1332.

Defendant Messina meets his burden of demonstrating complete diversity between the parties. Plaintiff is a business with its home office and operations in El Paso, making it a citizen of Texas. Notice Removal 3. Plaintiff is diverse as to Defendant Messina, because Defendant Messina is a citizen of Florida. *Id.* Plaintiff is also diverse as to Defendant

5

Bethancourt, because Defendant Bethancourt is a foreign citizen residing in Mexico. *Id.* Plaintiff does not dispute these facts.

Furthermore, Defendant Messina meets his burden of showing an amount in controversy above $75,000. The jurisdictional amount required for diversity jurisdiction pursuant to 28 U.S.C. § 1332 "exceeds the sum or value of $75,000." Defendant Messina indicates in his Response that Plaintiff's alleges $206,000 in actual damages. Resp. 2; *See* Notice Removal Attach. A at 8 (alleging $206,000 in actual damages). Plaintiff fails to dispute this fact.

Defendant Messina properly demonstrates complete diversity and an amount in controversy exceeding $75,000. Therefore, the Court is of the opinion that it has diversity jurisdiction over the above-captioned cause and may deny Plaintiff's Motion to Remand.

## IV. CONCLUSION

Accordingly, **IT IS ORDERED** that Plaintiff SSS Entertainment, LLC's "Motion to Remand Matter to State Court" (ECF No. 7) is **DENIED**.

SIGNED this 30th day of September, 2019.

_____
PHILIP R. MARTINEZ
UNITED STATES DISTRICT JUDGE

7